## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY, LLC, et al., | Case No. 23-10253(KBO) |
| Debtors. | (Jointly Administered) |
| **George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holdings Company LLC, et al.,** | **Adv. Case No. 25-50278(KBO)** |
| **Plaintiff,** | |
| **vs.** | |
| **GOVERNMENT COUNSEL LLC,** | |
| **Defendant.** | |

## DEFENDANT, GOVERNMENT COUNSEL LLC'S
## VERIFIED MOTION TO DISMISS AND/OR TRANSFER VENUE

Defendant Government Counsel, LLC. ("Defendant"), pursuant to Federal Rules of BANKRUPTCY Procedure 7019 and 7087, and all other applicable law, files its Verified Motion to Transfer Venue or Alternatively Dismiss adversary and in support thereof states:

1.    This case involves a preference and related claims by Plaintiff, George L. Miller as Trustee for the bankruptcy estates of Akron Holdings Company against Florida LLC., Defendant Government Counsel, LLC.

2.    It is undisputed that the indebtedness claims less $10,438.00, less than the jurisdictional amount set forth in 28 U.S.C. 1409(b).

3.      Defendant contends that under 28 U.S.C. 1409(b), a preference claim of this amount may only be brought by Plaintiff in the district in which the Defendant resides, which is the Southern District of Florida.

4.      There is no dispute as to the amount in controversy ($10,438.00) or the district in which the Defendant resides (Southern District of Florida).[1] This Motion is verified to ensure that these two salient facts are established, although the complaint and attachment thereto as well as public record as to Defendant's residence is known by all parties.

5.      Prior to the filing of this case Defendant (through counsel) advised Plaintiff's counsel that it was Defendant's position that this case should be brought in the Southern District of Florida. Plaintiff provided a bankruptcy court decision to the contrary, but failed to provide any appellate court decisions which are controlling.

## LEGAL MEMORANDUM

Many Courts have held that based on the code and legislative history a preference action is subject to the venue provision under 28 U.S.C. 1409( b). *In re Nukote Intern, Inc.* (Bankr. M.D. Tenn. 2011 ) ; *In re Little Lake Indus.,Inc.*, 158 B.R. 478 (9th BAP 1993); *In re Raymond*, 2009 WL 6498170 (Bankr GA. 2009); *In re Dyamerica Mfg., LLC*, 2010 WL  1930269 (Bankr. Del 2020) (absence of "arising under" from plain language of Section 1409 (b) was inadvertent and given the legislative history, it was intent of Congress that the venue provisions of Section 1409(b)).

The 9th Circuit BAP in *In re Little Lake Indus. ,Inc.* found  that for the purposes of 28 U.S.C. 1409(b), a proceeding arising under title 11 may be a proceeding arising in a

---

[1] Further, Defendant is a one person shop, not a large corporation.

case under title 11 thus the home town venue provision applies to preference actions. The Court held that:

**Our inquiry leads us to the conclusion that the terms "arising under" and "arising in" cannot be interpreted as mutually exclusive, and their use in § 1409 as a whole does not indicate that the elliptical omission in subsection (b), whether intended or inadvertent, operates to exclude a class of cases thereunder. We limit the language of the trial court's ruling, however, as it extends to proceedings related to a case under title 11, based on the reasons discussed above. All proceedings arising under title 11 arise in the bankruptcy case for the purposes of § 1409(b). This resolution is consistent with the meaning of §§ 157 and 1334. Therefore, preference actions for recovery of less than $1,000 must be lodged in the district court for the district in which the defendant resides** at 484.

Other Courts have held that 28 U.S.C. 1409(b) does not apply to preference actions based on the interpretation that preference actions are not "arising under Title 11" and therefore are excluded from the provision. See *In re Insys Theraputics,Inc*, 2021 WL 3508612 (Bankr. D. Del. 2021)[2] ; *In re Van Huffel Tube Corp*, 71 B.R. 155, 156 (Bankr. S.D. Ohio 1987); *In re Rosenberger*, 400 B.R. 569 (Bankr. W.D. Mich. 2008); *In re Excel Storage Products, L.P.,* 458 B.R. 175 (Bankr. M.D. Pa. 2011).

It is fair to say that excellent judges have come down on both sides of this issue. The undersigned having practiced in the bankruptcy area for over 35 years also respectfully submits it is fair to say that most practitioners understood that it was the purpose of 1409(b) to require debtors and trustees to bring small dollar preference and other actions in the hometown of the targeted trade creditor. Finally, it is evident there are no controlling Circuit Court of Appeal opinions on the issue presented.

---

[2] Converse ruling to Judge Gross' decision *In re Dyamerica Mfg., LLC*, 2010 WL 1930269 (Bankr. Del 2020).

3

The undersigned respectfully submits that the applicable provision should be applied to this preference action and the matter transferred to the Southern District of Florida so that the Defendant is not overwhelmed with legal fees in a very small preference action.[3]

WHEREFORE, Defendant, General Counsel, LLC, respectfully requests that this Court grant its Motion to Transfer Venue Dismiss and /or Dismiss and such other or further relief this Court deems just and proper.

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing Motion to Dismiss and that the factual allegations therein are true and correct to my knowledge.

Henry W. Menn, III, as President
Governmental Counsel, LLC

Dated this _8_ day of May, 2025    Respectfully submitted,

John R. Weaver, Jr., Esq.
John R. Weaver, Jr. P.A.
*Counsel for Defendant*
2409 Lanside Drive
Wilmington, DE 19801
Telephone: (302) 655-7371
E-mail: jrweaverlaw@verizon.net
By:____/s/John R. Weaver, Jr.
JOHN R. WEAVER, JR.
Delaware Bar No. ID ___911___

---

[3] Although not at issue at this point in this Motion, Defendant believes that the single transaction at issue was paid in ordinary course and Defendant should not be required to travel to Delaware to have this issue tried if it comes to that.

and

Thomas L. Abrams, Esquire
GAMBERG & ABRAMS
*Counsel for Defendant*
1213 S.E. Third Avenue, Second Floor
Fort Lauderdale, FL 33316
Telephone: (954) 523-0900
E-mail: tabrams@tabramslaw.com
By:     /s/Thomas L. Abrams
THOMAS L. ABRAMS, ESQUIRE
Florida Bar No. 764329

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was

furnished via ECF/Electronically and/or United States first class Mail as noted to all

parties on the attached Service List this 9th day of May, 2025.

## SERVICE LIST

*__Notice via ECF/Electronic:__*
SAUL EWING LLP
**Evan T. Miller, Esq. (DE Bar No.5364)**
**Paige N. Topper, Esq.(DE Bar No.6470)**
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Telephone: (302) 421-6864
Email: evan.miller@saul.com
Email: paige.topper@saul.com
*Counsel for Plaintiff, George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, et al.*

SAUL EWING LLP
**Turner Falk, Esq.**
1500 Market Street
Center Square West, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-8415
**Email: turner.falk@saul.com**

5

*Counsel for Plaintiff, George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, et al.*

SAUL EWING LLP
**Michelle G. Novak, Esq.**
161 N. Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
**Email: michelle.novick@saul.com**
*Counsel for Plaintiff, George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, et al.*

SAUL EWING LLP
**Steven C. Reingold, Esq.**
131 Dartmouth Street, Suite 501
Boston, MA 02116
Telephone: (617) 723-3300
**Email: steven.reingold@saul.com**
*Counsel for Plaintiff, George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, et al.*