## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY LLC, *et al.*,[1] | Case No. 23-10253 (KBO) (Jointly Administered) |
| Debtors. | |
| GEORGE MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 25-50278 (KBO) |
| GOVERNMENT COUNSEL LLC, | **Related Adv. D.I.:** 6 |
| Defendant. | |

## PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO
## DEFENDANT'S VERIFIED MOTION TO DISMISS AND/OR TRANSFER VENUE

Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com

Michelle G. Novick
*(admitted pro hac vice)*
161 North Clark Street,
Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7899
michelle.novick@saul.com

Turner N. Falk
*(admitted pro hac vice)*
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-8415
turner.falk@saul.com

Dated: May 23, 2025
Wilmington, DE

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ...................................................................1

SUMMARY OF ARGUMENT ...............................................................................................2

ARGUMENT .....................................................................................................................2

CONCLUSION....................................................................................................................6

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*In re Combustion Eng'g, Inc.*,
 391 F.3d 190 (3d Cir. 2005)..................................................................................4

*Bruton v. High Speed Capital, LLC (In re Cirino Constr. Co., Inc.)*,
 2020 WL 2989750 (Bankr. M.D.N.C. May 22, 2020) ....................................4, 5, 6

*Creditors' Trust v. Crown Packaging Corp. (In re Nukote Intern., Inc.)*,
 457 B.R. 668 (Bankr. M.D. Tenn. 2011) .................................................................4

*Dynamerica Mfg. LLC v. Johnson Oil Co., LLC*
 2010 WL 1930269 (Bankr. D. Del. May 10, 2010)...............................................5, 6

*Ehrlich v. American Expr. Travel Related Servs. Co. Inc. (In re Guilmette)*,
 202 B.R. 9 (Bankr. N.D.N.Y 1996) .........................................................................4

*Gold v. Bandman (In re Harvey Goldman Co.)*,
 2012 WL 2160968 (E.D. Mich. 2012)......................................................................5

*Hechinger Liquidation Trust v. Fox (In re Hechinger Inv. Co. of Delaware, Inc.)*,
 296 B.R. 323 (Bankr. D. Del. 2003) .......................................................................1

*Insys Liquidation Trust v. Haley Tech. Inc. (In re Insys Theraputics, Inc.)*,
 2021 WL 3508612 (Bankr. D. Del. June 17, 2021).....................................3, 4, 5, 6

*Klein v. ODS Tech., LP (In re J & J Chemical, Inc.)*,
 596 B.R. 704 (Bankr. D. Idaho 2019).....................................................................5

*In re Little Lake Indus., Inc.*,
 158 B.R. 478 (B.A.P. 9th Cir. 1993)........................................................................4

*Mendelsohn v. Central Garden & Pet Co. (In re Petland Discounts, Inc.)*,
 2021 WL 1535793 (E.D.N.Y. Jan. 26, 2021) ...................................................3, 4, 5

*Moyer v. Bank of America, N.A. (In re Rosenberger)*,
 400 B.R. 569, 573 (Bankr. W.D. Mich. 2008)..........................................................4

*Redmond v. Gulf City Body & Trailer Works, Inc. (In re Sunbridge Capital, Inc.)*,
 454 B.R. 166 (Bankr. D. Kan. 2011) ....................................................................5, 6

*Richardson v. Cellco Partnership (In re Munson)*,
 627 B.R. 507 (Bankr. C.D. Ill. 2021)...................................................................4, 5

*Ryan v. Wolter (In re Nashmy)*,
    2007 WL 2305672 (Bankr. D.N.M. Aug. 6, 2007)...................................................4

*Schwab v. Peddinghaus Corp. (In re Excel Storage Products, L.P.)*,
    458 B.R. 175 (Bankr. M.D. Pa. 2011) ....................................................................5

*Van Huffel Tube Corp. v. A&G Indus. (In re Van Huffel Tube Corp.)*,
    71 B.R. 155 (Bankr. N.D. Ohio 1987).....................................................................3

*Webster v. Republic National Distributing Company, LLC (In re Tadich Grill of
    Washington DC LLC)*,
    598 B.R. 65 (Bankr. D.D.C. 2019) ...................................................................4, 5, 6

*Welded Construction, L.P. v. The Williams Companies, Inc. (In re Welded
    Constr., L.P.)*,
    609 B.R. 101 (Bankr. D. Del. 2019) .......................................................................1

**STATUTES**

11 U.S.C. § 547..............................................................................................................2

11 U.S.C. § 548..............................................................................................................2

11 U.S.C. § 550..............................................................................................................2

11 U.S.C. § 502..............................................................................................................2

28 U.S.C. § 1409....................................................................................................1, 2, 4, 5

28 U.S.C. § 1409(a)-(b) ..............................................................................................2-3

28 U.S.C. § 1409(b) ...................................................................................... *passim* 1

**OTHER AUTHORITIES**

Congress's 2005 Bankruptcy Abuse Prevention and Consumer Act...............................6

Pub.L. 98-353, Title I, § 102(a), July 10, 1984, 98 Stat. 334 .........................................5

Small Business Reorganization Act of 2019, Pub. L. 116-54, § 3(b), Aug. 23,
    2019, 133 Stat. 1085 ..............................................................................................6

Plaintiff, George L. Miller, in his capacity as chapter 7 trustee ("**Plaintiff**") for the estate of the above-captioned debtors ("**Debtors**"), submits this brief in response (the "**Response**") to the above-captioned defendant's ("**Defendant**", and together with the Debtors, the "**Parties**") *Verified Motion to Dismiss and/or Transfer Venue* [Adv. D.I. 6] ("**Motion to Dismiss**"). In support of the Response, Plaintiff respectfully states as follows.

## NATURE AND STAGE OF THE PROCEEDING

On February 12, 2025, Plaintiff filed the complaint [Adv. D.I. 1] ("**Complaint**") initiating this Adversary Proceeding.

Prior to the Complaint, in December 2024, Plaintiff sent a Demand Letter[2] to Defendant seeking a return of the Transfer now sought in the Complaint. *See* Complaint, para 17-18. As Defendant indirectly acknowledges, the Demand Letter led to discussions between the Parties, but ultimately, Defendant has not returned the Transfer and instead filed the Motion to Dismiss in order to continue litigating the matter in the Southern District of Florida.

On May 9, 2025, Defendant filed the Motion to Dismiss, seeking dismissal of the Complaint for improper venue or, in the alternative, to transfer the case to the Southern District of Florida.[3]

For the reasons set forth below, Plaintiff respectfully requests that the Court deny the Motion to Dismiss.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

[3] While counsel asserts "alternative" relief in the form of venue transfer, the Motion to Dismiss advances no argument addressing the venue transfer factors traditionally considered by this Court. *See, e.g., Welded Construction, L.P. v. The Williams Companies, Inc. (In re Welded Constr., L.P.)*, 609 B.R. 101, 119 (Bankr. D. Del. 2019); *Hechinger Liquidation Trust v. Fox (In re Hechinger Inv. Co. of Delaware, Inc.)*, 296 B.R. 323, 325 (Bankr. D. Del. 2003) (*citing Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995)). The entire Motion to Dismiss relies upon Defendant's interpretation of section 28 U.S.C. § 1409, so this Response responds accordingly. Suffice it to say, Plaintiff asserts that the traditional venue factors overwhelmingly justify keeping this action in this district, where the main case and all other avoidance actions remain pending. *See also infra.* For the avoidance of doubt, Plaintiff reserves all rights to further address this argument to the extent contemplated by the Court.

## SUMMARY OF ARGUMENT

Plaintiff filed this avoidance action pursuant to 11 U.S.C. §§ 547, 548, 550 and 502, all of which unquestionably "arise under" the Bankruptcy Code.  Contrary to Defendant's thesis, 28 U.S.C. § 1409(b) provides that only proceedings (i) seeking less than $25,000.00 and (ii) that "arise in" or are "related to" a bankruptcy case must be filed in a defendant's home court.  That provision omits and does not apply to proceedings "arising under" the Bankruptcy Code.

As a substantial number of opinions both within and without this jurisdiction have already prescribed, the Court may not ignore the clear meaning of the venue statute, which permits Plaintiff to maintain this action in this Court.  Defendant's entire argument revolves around grafting their desired language into section 1409(b), but respectfully, that is not the province of the Court.  The Motion to Dismiss must be denied.

## ARGUMENT

The Motion to Dismiss must fail for the simple reason that 28 U.S.C. § 1409(b) does not apply to avoidance actions.  Section 1409 provides that a proceeding may be commenced in the same court as the main bankruptcy case unless the proceeding is for a modest dollar amount <u>and</u> that proceeding "arises in" or "relates to" the main case.  Specifically, that statute provides in relevant part:

> (a)    Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

> (b)    Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,525 or a consumer debt of less than $22,700 or a debt (excluding a consumer debt) against a noninsider of less than $27,750, only in the district court for the district in which the defendant resides.

2

28 U.S.C. § 1409(a)-(b).  It is beyond debate that the terms "arising under" do not appear in section 1409(b), and there is no reason for this Court to infer otherwise.  As this Court notes, when analyzing statutory text, "only when . . . it is ambiguous do we consider 'other indicia of congressional intent such as the legislative history.'" *Insys Liquidation Trust v. Haley Tech. Inc. (In re Insys Theraputics, Inc.)*, 2021 WL 3508612, at *2 (Bankr. D. Del. June 17, 2021) *quoting Bruton v. High Speed Capital, LLC (In re Cirino Constr. Co., Inc.)*, 2020 WL 2989750, *2 (Bankr. M.D.N.C. May 22, 2020) *quoting Copley v. United States*, 959 F.3d 118, 123 (4th Cir. 2020) (holding that Section 1409(b) is unambiguous); *Van Huffel Tube Corp. v. A&G Indus. (In re Van Huffel Tube Corp.)*, 71 B.R. 155, 156-57 (Bankr. N.D. Ohio 1987) ("To ignore the 'arising under' language found in Section 1409(a) and to refuse to make the distinction between the 'arising under,' 'arising in,' and 'related to' language found in the various jurisdictional and venue provisions would be to ignore Congressional intent as set forth in the legislative history of those statutes").

It follows that "Congress clearly enacted a sweeping provision in subsection (a) establishing proper venue for all bankruptcy proceedings, including adversary proceedings, in the district where the underlying bankruptcy case is pending." *Mendelsohn v. Central Garden & Pet Co. (In re Petland Discounts, Inc.)*, 2021 WL 1535793, at *1 (E.D.N.Y. Jan. 26, 2021).  Indeed, "this broad grant of venue was included to ensure that bankruptcy estates would be handled as efficiently as possible for the benefit of the estate and its creditors." *Id.* (noting venue is only meant to be restricted by the "limited exceptions" in section 1409(b) and (d)).

Just as the *Insys* Court concluded in addressing arguments identical to those raised by Defendant, "the avoidance and recovery causes of action that [the Trustee] is pursuing 'arise under' title 11." *Insys*, 2021 WL 3508612 at *1 (*citing Petland*, 2021 WL 1535793 at *1 ("It is beyond

3

question that a preference action 'arises under' title 11."); *Richardson v. Cellco Partnership (In re Munson)*, 627 B.R. 507, 516 (Bankr. C.D. Ill. 2021) (finding that proceedings "arising under" title 11 "include preference actions")); *see also Ryan v. Wolter (In re Nashmy),* 2007 WL 2305672, at *3 (Bankr. D.N.M. Aug. 6, 2007) (section 1409(b) does not apply to preference actions); *Ehrlich v. American Expr. Travel Related Servs. Co. Inc. (In re Guilmette)*, 202 B.R. 9, 13 (Bankr. N.D.N.Y 1996) ("To subject the Trustee further to venue outside the home court would be unfair"). To the extent that Defendant argues that "arising in" and "arising under" are synonymous,[4] the Third Circuit has definitively foreclosed that argument. *See In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225 (3d Cir. 2005) ("The Third Circuit distinguishes four types "of title 11 matters: (1) cases "under" title 11; (2) proceedings "arising under" title 11; (3) proceedings "arising in" a case under title 11; and (4) proceedings "related to" a case under title 11."); *see also Petland*, 2021 WL 1535793 at *4 (disagreeing with *Nukote* and *Little Lake*, finding "'arising under' and 'arising in' are not interchangeable"); *Cirino*, 2020 WL 2989750 at *3 (""arising under" and "arising in" are two distinct categories of proceedings").

While the *Insys* defendant asserted "that [section 1409(b)] should be read to include [avoidance and recovery] actions," the Court disagreed.  Instead, the Court sided with the cases which have "referred to the omission of the 'arising under' language from 28 U.S.C. § 1409(b) as 'intentional' and 'deliberate.'" *Insys*, 2021 WL 3508612 at *2 (*citing Webster v. Republic National Distributing Company, LLC (In re Tadich Grill of Washington DC LLC)*, 598 B.R. 65, 69 (Bankr. D.D.C. 2019); *Moyer v. Bank of America, N.A. (In re Rosenberger)*, 400 B.R. 569, 573 (Bankr. W.D. Mich. 2008)).  Accordingly, the Court found that "there is simply no reason to conclude, given the clear language of § 1409, that Congress accidentally failed to include arising under in

---

[4] *See* Motion to Dismiss at pp. 2-3, *citing In re Little Lake Indus., Inc.*, 158 B.R. 478 (B.A.P. 9th Cir. 1993), *Creditors' Trust v. Crown Packaging Corp. (In re Nukote Intern., Inc.)*, 457 B.R. 668, 671 (Bankr. M.D. Tenn. 2011).

the exceptions to general venue under § 1409(b)." *Insys*, 2021 WL 3508612 at *2 (denying

defendant's section 12(b)(3) motion to dismiss).    The Court should follow the well-reasoned

holding in *Insys* and the litany of cases it relies upon and deny the Motion to Dismiss.

While acknowledging (without analyzing) *Insys* in passing, the Motion to Dismiss asks

that it be disregarded in favor of the Court's 2010 *Dynamerica Mfg. LLC v. Johnson Oil Co., LLC*

opinion. *See* 2010 WL 1930269 (Bankr. D. Del. May 10, 2010[5]).    In *Dynamerica*, the Court held

that "the venue provisions of Section 1409(b) apply to avoidance actions. The absence of the

"arising under" language in Section 1409(b) was unintentional." *Dynamerica*, 2010 WL 1930269,

at *3.    Despite having the opportunity to follow *Dynamerica* in *Insys*, the Court declined to do so,

as noted *supra*.    Courts outside of this district which have cited to *Dynamerica* have also declined

to follow it. *See Petland*, 2021 WL 1535793 at *6; *Munson*, 627 B.R. at 516; *Cirino*, 2020 WL

2989750 at *2; *Gold v. Bandman (In re Harvey Goldman Co.)*, 2012 WL 2160968, *2 (E.D. Mich.

2012); *Tadich Grill*, 598 B.R. at 67; *Redmond v. Gulf City Body & Trailer Works, Inc. (In re

Sunbridge Capital, Inc.)*, 454 B.R. 166, 173 (Bankr. D. Kan. 2011); *Schwab v. Peddinghaus Corp.

(In re Excel Storage Products, L.P.)*, 458 B.R. 175, 178 (Bankr. M.D. Pa. 2011); *Klein v. ODS

Tech., LP (In re J & J Chemical, Inc.)*, 596 B.R. 704, 710 (Bankr. D. Idaho 2019) (all declining to

follow *Dynamerica*).

It is telling that the original version of Section 1409(b) enacted in 1984 omitted the term

"arising under." *See* Pub.L. 98-353, Title I, § 102(a), July 10, 1984, 98 Stat. 334) (current version

at 28 U.S.C. § 1409).    The statute has been amended four times since then—including in 2019,

nine years after *Dynamerica*—yet never has the term "arising under" been added to it, even though

---

[5] Defendant incorrectly refers to *Dynamerica* as a 2020 opinion. *See* Motion to Dismiss at pp. 2, 3 n.2.    It is important
to note this error, as the timing of Congress's further amendment of section 1409 in 2019—nine years *after
Dynamerica* was issued, not one year *before*—is relevant to why the Motion to Dismiss should be denied. *See infra*.

doing so would have entirely eliminated any alleged ambiguity.  This again supports the plethora

of well-reasoned arguments that the omission was intentional:

> Congress has had three opportunities to include proceedings arising under Title 11 in § 1409(b) (and its predecessor, § 1473(b)), but had failed to do so. Given the other changes made to the venue provisions over the years, a court today may be hard-pressed to find that Congress has not intentionally excluded preference proceedings arising under Title 11, including preferences, from the operation of subsection (b).

*Sunbridge Cap.,* 454 B.R. at 173 (*quoting* Bryon C. Starcher, *Second Thoughts on "Home Court*

*Advantage" for Small–Dollar Preference Defendants*, 25 Am. Bankr. Inst. J. 10, 51 (2006))[6];

*Tadich Grill*, 598 B.R. at 69 (holding that the omission of "arising under" language was

"intentional").  As the *Cirino* court noted, "had 'arising under' inadvertently been omitted from

the text of § 1409(b), Congress had the perfect opportunity to fix the mistake and resolve the

judicial schism with the Small Business Reorganization Act of 2019, which became effective on

February 19, 2020." *Cirino*, 2020 WL 2989750 at *3.

> *Dynamerica* was decided shortly after Congress's 2005 Bankruptcy Abuse Prevention and

Consumer Act ("**BAPCPA**"), yet prior to SBRA.  Given the passage of SBRA and the fact that

Congress again failed to include "arising under" in section 1409(b)'s text, *Dynamerica*'s tenet that

its omission in BAPCA was "unintentional" simply cannot pass muster at this point.  Coupled with

the rationale of *Insys* and the cases it relies upon, the Motion to Dismiss must fail.

## <u>CONCLUSION</u>

Plaintiff's Complaint was filed in the proper venue and should be adjudicated by this Court.

Plaintiff respectfully requests that the Court enter an order denying Defendants' Motion to Dismiss

---

[6] Note that the statute was amended again in 2019, which post-dates the *Sunbridge* opinion. *See* Small Business Reorganization Act of 2019, Pub. L. 116-54, § 3(b), Aug. 23, 2019, 133 Stat. 1085 ("**SBRA**").

and granting such other and further relief as the Court deems just and proper under the circumstances.[7]

Dated:  May 23, 2025

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (DE Bar No. 5364)
Paige N. Topper (DE Bar No. 6470)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone:  (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com

and

Michelle G. Novick (*admitted pro hac vice*)
161 North Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7899
michelle.novick@saul.com

and

Turner N. Falk (*admitted pro hac vice*)
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-8415
turner.falk@saul.com

*Special Counsel to the Chapter 7 Trustee*

---

[7] With respect to Defendant's Footnote 3 and as previously expressed to Defendant, Plaintiff remains available and interested in negotiating this matter expeditiously without need of further litigation.