**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: ) | | |
| ) | Chapter 7 | |
| AKORN HOLDING COMPANY LLC, ) | | |
| *et al.*,[1] ) | Case No. 23-10253 (KBO) | |
| ) | | |
| Debtors. ) | (Jointly Administered) | |
| _____ ) | | |
| ) | | |
| GEORGE L. MILLER, in his capacity as ) | | |
| the Chapter 7 Trustee for the jointly ) | | |
| administered bankruptcy estates of ) | | |
| Akorn Holding Company, LLC, *et al.* ) | | |
| ) | | |
| Plaintiff, ) | Adv. Proc. No. 25-50278 (KBO) | |
| ) | | |
| v. ) | **Related to Docket No. 6** | |
| ) | | |
| GOVERNMENT COUNSEL LLC, ) | | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

**MEMORANDUM ORDER DENYING
MOTION TO DISMISS AND/OR TRANSFER VENUE**

Upon consideration of the *Defendant's Motion to Dismiss and/or Transfer Venue* (the "Motion")[2] and all briefing and submissions filed in support of and in opposition to the Motion, it is hereby **FOUND** and **ORDERED** that:

1. George Miller, as the chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors"), brings this adversary proceeding to, among other things, avoid and recover from Government Counsel, LLC (the "Defendant") $10,438 as an alleged preferential and/or fraudulent transfer pursuant to 11 U.S.C. §§ 547, 548 and 550.[3] The proceeding "arises

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are Akorn Holding Company LLC (9190), Akorn Intermediate Company LLC (6123), and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

[2] Adv. D.I. 6.

[3] Adv. D.I. 1.

under" the Bankruptcy Code.[4] The Trustee commenced it in this District where the Debtors' chapter 7 cases are pending pursuant to 28 U.S.C. § 1409(a). That section provides that "[e]xcept as otherwise provided in subsection[] (b) . . ., a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case in pending."[5]

2.    Given the amount in controversy, Defendant seeks to dismiss the adversary proceeding or to transfer its venue to the Southern District of Florida, the Defendant's principal place of business, pursuant to 28 U.S.C. § 1409(b). Section 1409(b) provides that "a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover . . . a debt . . . against a noninsider of less than $27,750 . . . only in the district court for the district in which the defendant resides." Because section 1409(b) does not apply to proceedings "arising under" the Bankruptcy Code, Defendant's request will be denied.

3.    Defendant argues that section 1409(b) should be read to include "arising under" proceedings despite their absence. In doing so, Defendant relies on a line of cases that have imported "arising under" proceedings into the statute based on its legislative history and purpose.[6] The Court respectfully declines to do so. The language of section 1409(b) is clear and unambiguous – it applies to "arising in" and "related to" proceedings only. Congress knew how to address "arising under" proceedings in section 1409 and did, in fact, do so in subsections (a), (d), and (e). "It is generally presumed that Congress acts intentionally and purposely where it includes particular language in one section of a statute but omits it in another."[7] Accordingly, it is inappropriate for the Court's analysis to go any further than the clear text itself.[8]

---

[4] "A case 'arises under' [the Bankruptcy Code] when the cause of action is based on a right or remedy expressly provided by the Bankruptcy Code." *In re Essar Steel Minnesota, LLC*, 47 F.4th 193, 197 (3d Cir. 2022) (quoting *In re Weiand Auto. Indus.*, 612 B.R. 824, 854 (Bankr. D. Del. 2020)).

[5] 28 U.S.C. § 1409(a).

[6] *Dynamerica Mfg. LLC v. Johnson Oil Co., LLC*, No. 08-11515 (KG), 2010 WL 1930269, at *3 (Bankr. D. Del. May 10, 2010) (dismissing a preference action on the grounds that the absence of "arising under" from the plain language of § 1409(b) was inadvertent); *In re Little Lake Indus., Inc.*, 158 B.R. 478, 484 (B.A.P. 9th Cir. 1993) (finding that proceedings "arising under" title 11 also "arise in" the bankruptcy case for the purposes of section 1409(b)); *In re Nukote Int'l, Inc.*, 457 B.R. 668, 684 (Bankr. M.D. Tenn. 2011) (holding that a preference action is subject to home court venue exception because "arising in" proceedings subsume those "arising under").

[7] *Bates v. United States*, 522 U.S. 23, 29–30 (1997).

[8] *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997) ("Our inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent'"); *Byrd v. Shannon*, 715 F.3d 117, 123 (3d Cir. 2013) ("Statutory purpose and legislative history may be referenced only if the statutory language is without a plain meaning . . . ."); *Allied Painting & Decorating, Inc. v. Int'l Painters & Allied Trades Indus. Pension Fund*, 107 F.4th 190, 198 (3d Cir. 2024) ("[I]t is . . . our job to apply faithfully the law Congress has written, [and] it is never our job to rewrite a . . . valid statutory text").

4. Therefore, it is hereby **ORDERED** that the Motion is denied.

Dated: July 28, 2025
Wilmington, Delaware

_____
Karen B. Owens
Chief Judge