# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| AKORN HOLDING COMPANY, LLC, et al., | Case No. 23-10253(KBO) |
| Debtors. | (Jointly Administered) |
| George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holdings Company LLC, et al., | Adv. Case No. 25-50278(KBO) |
| **Plaintiff,** vs. | |
| GOVERNMENT COUNSEL LLC, | |
| **Defendant.** | |

## DEFENDANT, GOVERNMENT COUNSEL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO GEORGE L. MILLER COMPLANT

Defendant GOVERNMENT COUNSEL LLC ("Defendant"), files its Answer and Affirmative Defenses to the Adversary Complaint filed by Plaintiff, GEORGE L. MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holdings Company, LLC, et al. ("Miller"), as follows:

1.  Defendant is without knowledge as to allegations contained in Paragraphs 1 through 10,12,13,14 of the Complaint and therefore denies same and demands strict proof thereof. Defendants do not contest jurisdiction or venue.

2.  In response to paragraph 11 of the Complaint, Defendant admits it provided services to the Debtor.

1

3. In response to paragraph 15 of the Complaint, Defendant admits it provided services to the Debtor for which it provided an invoice and was paid in the ordinary course of business.

4. In response to paragraph 16 of the Complaint, Defendant admits it provided services to the Debtor, invoiced for the services and was paid for such services prior to the petition date in the ordinary course of business.

5. Admit 17,18 of the Complaint and states any correspondence or demand speaks for itself.

6. Defendant is without knowledge as to paragraphs 19,20 ,21,22,23 and 24 of the Complaint and therefore denies same and demands strict proof thereof and specifically denies Plaintiff is entitled to recovery of the fuds paid to Defendant and such transfer is not avoidable.

7. In response to paragraph 25 of the Complaint, Defendant realleges and incorporated herein its responses to paragraphs 1-24 of the Complaint above.

8. In response to paragraph 26,27,28 of the Complaint, Defendant admits a single transfer was made to pay an invoice in the ordinary course of business.

9. Paragraphs 29,30 seeks a legal conclusion, but admits the payment satisfied the single invoice which Debtor owed to Defendant.

10. Debtor is without knowledge as to paragraph 31 of the Complaint and therefore denies same and demands strict proof thereof.

11. In response to paragraph 32 of the Complaint, Defendant admits the payment was made within 90 days prior to the bankruptcy filing.

12. Debtor is without knowledge as to paragraph 33 of the Complaint and therefore denies same and demands strict proof thereof and specifically denies Plaintiff is entitled to recovery form Defendant.

13. Debtor is without knowledge as to paragraph 34 of the Complaint and therefore denies same and demands strict proof thereof and specifically denies Plaintiff is entitled to recovery from Defendant.

14. Paragraph 35 of the Complaint is denied.

15. In response to paragraph 36 of the Complaint, Defendant realleges and incorporates herein its responses to paragraphs 1-35 of the Complaint above.

16. Defendant denies paragraphs 37 and 38 of the Complaint.

17. In response to paragraph 39 of the Complaint, Defendant realleges and incorporated herein its responses to paragraphs 1-24 of the Complaint above.

18. Defendant is without knowledge as to paragraph 40 and 41 of the Complaint and therefore denies same and demands strict proof thereof.

19. Defendant denies paragraph 42 of the Complaint

20. In response to paragraph 43 of the Complaint, Defendant realleges and incorporated herein its responses to paragraphs 1-42 of the Complaint above.

21. Defendant denies paragraphs 44,45and 46 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. To the extent the alleged transfer made by the Debtor to Defendant within ninety (90) days prior to the Petition Date otherwise meets the elements of 11 U.S.C. § 547(b), such

transfer was in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and the transferee, and such transfer was made in the ordinary course of business or financial affairs of the debtor and the transferee or was made according to ordinary business terms.  Defendant submits that the alleged transfers were ordinary course transfers and were in accordance with 11 U.S.C. § 547(c)(2)(A) and (B).

## SECOND AFFIRMATIVE DEFENSE

2.     Defendant at all times acted in good faith, provided services in the ordinary course of business or financial affairs of the Debtor and according to ordinary business terms and provided reasonably equivalent value for the services provided.

3. The payment was made in the ordinary course of business of the debtor and the transferee and was reasonable in amount and timing.

4.

DATED this 14th day of August, 2025.


Dated this 14th  day of August 2025    Respectfully submitted,

John R. Weaver, Jr., Esq.
John R. Weaver, Jr. P.A.
*Counsel for Defendant*
2409 Lanside Drive
Wilmington, DE 19801
Telephone: (302) 655-7371
E-mail: jrweaverlaw@verizon.net
By:   /s/John R. Weaver, Jr.
JOHN R. WEAVER, JR.
Delaware Bar No. ID 911


and

4

        Thomas L. Abrams, Esquire
GAMBERG & ABRAMS
*Counsel for Defendant*
1213 S.E. Third Avenue, Second Floor
Fort Lauderdale, FL  33316
Telephone: (954) 523-0900
E-mail: tabrams@tabramslaw.com
By:   /s/Thomas L. Abrams
THOMAS L. ABRAMS, ESQUIRE
Florida Bar No. 764329

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via ECF/Electronically and/or United States first class Mail as noted to all parties on the attached Service List this 14th   day of August, 2025.

## SERVICE LIST

*Notice via ECF/Electronic:*
SAUL EWING LLP
**Evan T. Miller, Esq. (DE Bar No.5364)**
**Paige N. Topper, Esq.(DE Bar No.6470)**
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
Telephone: (302) 421-6864
Email: evan.miller@saul.com
Email: paige.topper@saul.com
*Counsel for Plaintiff, George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, et al.*

SAUL EWING LLP
**Turner Falk, Esq.**
1500 Market Street
Center Square West, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-8415
**Email: turner.falk@saul.com**
*Counsel for Plaintiff, George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, et al.*

SAUL EWING LLP

**Michelle G. Novak, Esq.**
161 N. Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
**Email: michelle.novick@saul.com**
*Counsel for Plaintiff, George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, et al.*

SAUL EWING LLP
**Steven C. Reingold, Esq.**
131 Dartmouth Street, Suite 501
Boston, MA 02116
Telephone: (617) 723-3300
**Email: steven.reingold@saul.com**
*Counsel for Plaintiff, George L. Miller, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company, et al.*